In the Matter of the Application of THE MANHATTAN RAILWAY COMPANY and Another, Respondents, *v.* JULIA A. KENT, Individually and as Trustee, etc., of ELLEN KENT, Deceased, and Others, Appellants, Relative to Acquiring Title to Certain Real Property in the City and County of New York. No. 2.

80  559
145a 595
80  559
35ap 45
80h 559
e55ad633
80h     559
82 AD 568
e 84 AD   26

*Condemnation proceedings — what is the trial.*

Proceedings before the commissioners in condemnation proceedings do not constitute the trial contemplated by the statute. Such proceedings are a mere assessment of damages, and the trial spoken of in the statute is that which takes place preliminary to the appointment of the commissioners.

APPEAL by the defendants, Julia A. Kent, individually and as trustee, etc., of Ellen Kent, deceased, and others, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 12th day of September, 1894, denying the defendants' motion for a review of the taxation of the costs in these proceedings.

These condemnation proceedings were commenced by the filing of a petition and notice on February 26, 1894. Such proceedings were had that on March 19, 1894, it was referred to a referee pursuant to section 3367 of the Code of Civil Procedure, to hear and determine the truth of the allegations contained in the petition. Thereafter such proceedings were had before the referee that his report was made and filed, and thereupon a judgment and order were made adjudging that the condemnation of the real property

described in the petition was necessary for the public use, and appointing commissioners to ascertain the compensation to be made to the defendants therein. Thereupon the commissioners met, the parties appeared before them, eight meetings were held and twenty witnesses were examined. Evidence was given by the plaintiffs' witnesses tending to show that no compensation should be allowed.

On May 28, 1894, the report of the commissioners was filed in the office of the clerk of the county of New York, whereby the defendants were awarded $750 as compensation, and such report was thereafter confirmed.

By the final order entered in such proceedings, as amended, it was adjudged that the defendants recover costs of the proceedings, together with five per cent extra allowance, to be taxed at the same rate as where the defendant is the prevailing party in an action in the Supreme Court. Thereafter the defendants presented a bill of costs which contained, among others, the following items : Trial fee, issue of fact, thirty dollars; allowance by statute, sixty dollars; trial occupied more than two days, ten dollars; and a disbursement, county stenographer, minutes, nineteen dollars and sixty cents; all of which items were struck out of the defendants' bill of costs by the clerk of the court upon the taxation of costs. The defendants thereafter moved for a review of the taxation of costs by the clerk. Their motion was denied, and from the order denying such motion this appeal was taken.

*A. B. Cruikshank,* for the appellants.

*William H. Godden,* for the respondents.

PER CURIAM :

The proceedings before the condemnation commissioners were not the trial contemplated by the statute. Such proceedings were a mere assessment of damages. The trial spoken of in the statute is that which takes place preliminary to the appointment of commissioners.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

Present — VAN BRUNT, P. J., O'BRIEN and FOLLETT, JJ.

Order affirmed, with ten dollars costs and disbursements.